**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA | United States Patent and Trademark Office |
| | Trademark Trial and Appeal Board |
| *Movant,* | Opposition No.:  91/156,321 |
| v. | Serial No.: 78/081,731 |
| UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION, | |
| *Non-Movant.* | |

**MOTION TO QUASH TRIAL TESTIMONY SUBPOENA DUCES TECUM**

The Chamber of Commerce of the United States of America ("U.S. Chamber"), moves pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, to quash the subpoena *duces tecum* that The United States Hispanic Chamber of Commerce ("USHCOC") has served on third party, U.S. – Mexico Chamber of Commerce, to prevent the production of the requested documents.  Through the issued trial subpoena *duces tecum*, USHCOC improperly seeks to obtain document discovery during the middle of the trial phase of the administrative proceeding referenced in the subpoena and *more than eighteen months* after discovery in that proceeding closed.  However, under the rules of the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office (the body before which the referenced administrative proceeding is pending), discovery may not be sought and cannot be required after the close of discovery.  Further, USHCOC has not sought the permission of the TTAB to reopen the discovery period, undoubtedly because it knew that such a request coming at this late date (and without good cause) would have been summarily denied.

1

The specific grounds on which Movant requests relief are set forth more fully in the accompanying memorandum and in the *Declaration of Erik C. Kane*, which is filed concurrently herewith. Given that the stated return date for the subpoena *duces tecum* is **February 22, 2008,** the U.S. Chamber respectfully requests expedited resolution of this motion.

Counsel for Movant hereby certifies that he conferred with counsel for the Non-Movant and attempted in good faith to resolve or narrow the issues raised by this motion. Non-Movant's counsel has indicated he will oppose this motion.

Respectfully submitted,

KENYON & KENYON LLP

Date: 2/14/08      By: _Erik C. Kane_

Edward T. Colbert (Bar No. 206425)
Erik C. Kane (Bar No. 495156)
William M. Merone
KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC 20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201
KENYON & KENYON LLP
1500 K Street, N.W.; Suite 700
Washington, D.C. 20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201

*Counsel for Movant, The Chamber of Commerce of the United States of America*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA<br><br>*Movant,*<br><br>v.<br><br>UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION,<br><br>*Non-Movant.* | United States Patent and Trademark Office<br><br>Trademark Trial and Appeal Board<br><br>Opposition No.: 91/156,321<br><br>Serial No.: 78/081,731 |

**MEMORANDUM IN SUPPORT OF MOVANT'S MOTION TO QUASH
TRIAL TESTIMONY SUBPOENA DUCES TECUM**

The Chamber of Commerce of the United States of America ("U.S. Chamber"), submits this memorandum in support of its motion to quash the subpoena *duces tecum* issued by the United States Hispanic Chamber of Commerce Foundation ("USHCOC") on third party, U.S. – Mexico Chamber of Commerce. Through the trial subpoena *duces tecum*, USHCOC improperly seeks third-party document discovery more than eighteen months after the close of discovery in the referenced administrative proceeding, and even though such actions are forbidden under the rules of the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office, before which body the administrative proceeding is pending.

The broad categories of documents that USHCOC seeks from the third party could have been requested during the applicable discovery period, or, if necessary, USHCOC could have petitioned the TTAB to extend (or reopen) the discovery period so as to permit the desired discovery. USHCOC, however, did neither, and instead seeks last minute and disruptive discovery during the middle of the parties' trial testimony period (which is akin to seeking

discovery *during* an ongoing trial).  Requesting that third party produce documents at this stage of the proceedings is improper, and also highly prejudicial.  Accordingly, the U.S. Chamber respectfully requests that the Court quash the USHCOC's subpoena for document production.

# BACKGROUND

The administrative proceeding referenced in the subpoena at issue in this motion is *The Chamber of Commerce of the United States of America v. United States Hispanic Chamber of Commerce Foundation*, Opposition No. 91-156231, which is pending before the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office.  The underlying dispute concerns the USHCOC's attempt to register a certain trademark in the Trademark Office.

The proceeding commenced on April 11, 2003, and discovery closed on June 1, 2006. (*See* Declaration of Erik C. Kane, ¶ 2 "*Kane Decl.*").  At present, the parties are in the middle of the trial phase known as the "testimony period."  During the testimony period—much like in a regular trial—the parties call witnesses to testify on their behalf, with the witnesses' testimony being recorded and submitted in deposition form (rather than having witnesses testify live) .

The U.S. Chamber's testimony period closed on June 29, 2007 (*Kane Decl.* ¶ 3), which means that the U.S. Chamber, in effect, is done putting on its opening case.  The USHCOC, as the "Defendant" (called the "Applicant" before the TTAB), is presently in the middle of its testimony period, which period is scheduled to close on February 28, 2008.  (*Kane Decl.* ¶4).

On January 31, 2008, USHCOC provided the U.S. Chamber with three *Notices of Trial Depositions*, scheduling the trial depositions of three party (or party-controlled) witnesses for later this month (which was proper).  On Friday, February 8, 2008, USHCOC then served ten subpoenas *ad testificandum* on various third parties, scheduling ten additional trial depositions

all for the last week of February (which is highly suspect).[1]  However, in addition to those

subpoenas *ad testificandum*, USHCOC also served ten subpoenas *duces tecum* through which its

seeks document productions (which is improper), including the subpoena at issue here.[2]  (*Kane*

*Decl.* ¶5).  The subpoena *duces tecum* calls for U.S. – Mexico Chamber of Commerce to produce

a wide range of documents to counsel for USHCOC on February 22, 2008, which is before the

appearance date for trial testimony noticed in the same subpoena.  *Id.*


## ARGUMENT

All proceedings before the Trademark Trial and Appeal Board are governed by the

Lanham Act, 15 U.S.C. § 1051 et seq., and the administrative rules governing those proceedings

may be found in Parts 2 and 7 of Title 37 of the Code of Federal Regulations ("the Trademark

Rules").  While these procedural rules are based largely on the Federal Rules of Civil Procedure,

they have been modified by the TTAB to take into account the particular administrative nature of

the proceedings.  *See Trademark Board Manual of Procedure* ("*TBMP*")[3], §101.01 (See Kane

Decl. ¶6).  As a result, the propriety of the requested discovery must be evaluated under the

Trademark Rules, which also control in the event of any conflict with other rules.  *See Chevron*

---

[1]  The USHCOC must put on all of its testimony by February 28, 2008, but yet waited until the very last moment before noticing the third party trial depositions.  Thus, it is doubtful that the USHCOC will be able to complete all of the depositions by the close of trial given that the schedules of the third parties presumably are unknown.  In fact, what seems to be happening is that the USHCOC intends to seek an *extension* of its trial period on the basis that it supposedly needs to "accommodate" the scheduling concerns of these third parties, even though USHCOC has already had *more than 6 months* to put on its case.  Whether the TTAB would grant an extension is unknown.

[2]  Applicant has additionally served nine other subpoenas *duces tecum* on third parties, with those subpoenas issuing from this Court (3 additional subpoenas), the U.S. District Court of the Eastern District of Virginia (1 subpoena), and the U.S. District Court for the Southern District of New York (5 subpoenas).  The U.S. Chamber has filed motions to quash the subpoenas issued from those jurisdictions on the same grounds as presented here.

[3]  The *Trademark Board Manual of Procedural* is the document in which the TTAB undertakes to "describe[] current practice and procedure under the applicable authority."  *See TBMP*, Introduction.

*U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,  467 U.S. 837, 844 (1984) ("We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations."); *see also Meyer v. Holley*,  537 U.S. 280, 281 (2003) ("[T]he Court ordinarily defers to an administering agency's reasonable statutory interpretation.")

By way of the subpoena *duces tecum* at issue before the Court, the USHCOC seeks the production of broad categories of documents from U.S. – Mexico Chamber of Commerce. However, as discovery closed in this administrative proceeding more than eighteen months ago, and considering further that the Trademark Rules (even more so than the Federal Rules) do not permit discovery outside of the designated period, the subpoena is decidedly improper.  Further, a trial testimony subpoena may not be used as a post-discovery discovery device.  The subpoena should therefore be quashed and the Court should order that the documents not be produced.


I.    **The USHCOC Cannot Unilaterally Reopen the Discovery Period**

The USHCOC is seeking the production of documents from various third parties even though the discovery period for the referenced administrative proceeding closed more thane eighteen months ago.  The TTAB is very clear that discovery devices such as requests for production of documents can <u>only</u> be served and used during discovery.  *See* TBMP, §403.01 ("The discovery devices … are available for use only during the discovery period.  A party has no obligation to respond to an untimely request for discovery") (footnote omitted); 37 C.F.R. § 2.120(a) (2008) ("Discovery depositions must be taken, and [written discovery requests] must be served, on or before the closing date of the discovery period as originally set or as reset.").  Any request to reopen the discovery period must be approved by the TTAB, and the request must be

accompanied by a showing of "excusable neglect." TBMP, §509.01(b); *see also* 37 C.F.R. §

2.120(a)(2); *Pumpkin Ltd. v. The Seed Corps*, 43 U.S.P.Q.2d 1582 (TTAB 1997) (adopting

analysis set forth in *Pioneer Investment Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380

(1993)).

Under the present circumstances, the TTAB would unlikely grant a motion to reopen

discovery. As noted previously, the parties are in the middle of their *trial testimony* period, with

discovery having closed more than eighteen months ago. The TTAB has noted that mere delay

in initiating discovery does not constitute good cause for even an *extension* of the discovery

period, let alone reopening it. *See TBMP*, §403.04 ("mere delay in initiating discovery does not

constitute good cause for an extension of the discovery period"); *see also id.*, §509.01(b) (noting

that "the third *Pioneer* factor, i.e., 'the reason for the delay, including whether it was within the

reasonable control of the movant,' may be deemed to be the most important of the … factors"

when ruling on whether to reopen discovery in a particular case). Here, the USHCOC has not

only waited more than eighteen months after the close of discovery to seek documents from ten

separate third parties, it has served these requests *in the middle* of its testimony period, and after

the U.S. Chamber's testimony period has already closed. The U.S. Chamber would therefore be

severely prejudiced by this belated discovery (and the USHCOC subsequent reliance on them

during any third party trial deposition the following week) as the U.S. Chamber would not have

the opportunity to conduct any follow up discovery about the material, either for purposes of

cross-examination of the third-party witnesses or to develop a rebuttal case.

## II.    Trial Subpoenas Cannot be Used to Seek Discovery

As noted above, it is improper for the USHCOC to request that third parties produce documents for use in a TTAB administrative proceeding after the close of the discovery period. Indeed, at least one court has specifically address this point, holding that the use of subpoena *duces tecum* to seek discovery beyond the discovery period set by the TTAB is improper. *Li and Fung Ltd. v. L.W. Loyd Co.*, 143 U.S.P.Q. 117, 118-119 (E. D. Tenn. 1964) ("Rule 2.120 of the Trademark Rules of Practice [37 C.F.R. §2.120] requires the taking of discovery evidence prior to the taking of any testimony for the trial. If the subpoena duces tecum calls for documents and papers that are for discovery, then this part of the motion to quash is good.").

Moreover, the fact that USHCOC has included its document requests along with a subpoena *ad testificandum* does not provide it with cover for conducting a fishing expedition to find new material to shore up its case in the wake of the U.S. Chamber putting on its own trial evidence. Courts from around the country have overwhelmingly held that issuing a subpoena *duces tecum* as an adjunct to a subpoena *ad testificandum* is presumptively improper, except in the limited circumstance where there is a need for the witness to bring to trial a specific, known document. *See, e.g., Dodson v. CBS Broad.*, 2005 U.S. Dist. LEXIS 30126, 4-5 (S.D.N.Y. 2005) ("Dodson's subpoena clearly seeks discovery, as is apparent from his having the subpoena returnable to his address in New Jersey at the present time, instead of to Judge Wood's courtroom at the time of trial. Moreover, the scope of the request is broad and clearly is designed for discovery, not last-minute trial needs (such as for originals of documents where copies were produced in discovery and there is a need for the original at trial).") (*See Kane Decl.* ¶ 7); *see also McKay v. Triborough Bridge and Tunnel Authority*, 2007 WL 3275918, *2, n.1 (S.D.N.Y. 2007) (quashing subpoena where "the scope of the request is broad and clearly is designed for

discovery, not last-minute trial needs") (citations omitted) (*See Kane Decl.* ¶8); *BASF Corp. v. Old World Trading Co.*, 1992 WL 24076 at *2 (N.D. Ill. 1992) (Trial subpoenas "may not be used as a means to engage in further discovery. . . . Here, discovery has been closed for almost eleven months, and the court will not allow the parties to engage in discovery through trial subpoenas.") (See Kane Decl. ¶9); *Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566-68 & n.2 (W.D.N.C. 2002) ("After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery."); *Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569 at *1 (E. D. Pa. 1997) ("Rule 45 "trial subpoenas [duces tecum] may not be used ... as means to engage in discovery after the discovery deadline has passed.") (*See* Kane Decl. ¶10); *Dreyer v. GACS Inc.*, 204 F.R.D. 120, 122-23 (N.D. Ind. 2001) ("Rule 45 subpoenas constitute 'discovery' within the meaning of Rules 26 and 34. . . . This Court ... does not believe that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery.") (quotation omitted); *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001) ("Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline."); *Alper v. United States*, 190 F.R.D. 281, 283-84 (D. Mass. 2000); *Rice v. United States*, 164 F.R.D. 556, 558 & n.1 (N.D. Okla. 1995).

As in *Dodson* and other cases, here the USHCOC is seeking the production of documents *prior* to the date that the witness is scheduled to appear to testify.  Moreover, the scope of the document requests are clearly designed to obtain discovery, as opposed to satisfying a legitimate, last-minute trial related need as might relate to a specific, known document.  *See e.g. Kane Decl.*, ¶5, Ex. F, Schedule B, Req. No. 5 (commanding that the third party produce, among other things,

all "[l]etters, emails, or the like reflecting communications with the U.S. Chamber of Commerce, membership in the U.S. Chamber of Commerce, or any agreements or licenses with the U.S. Chamber of Commerce").  In fact, at no point during discovery did the USHCOC *ever* seek any documents from the subpoenaed third party, thus foreclosing any argument that the subpoena *duces tecum* is actually for some specific, trial-related need, rather than merely being for general discovery request (which, of course, is also evident by the earlier return date).

## CONCLUSION

For the reasons discussed above, the U.S. Chamber requests that the subpoena *duces tecum* that the USHCOC issued on U.S. – Mexico Chamber of Commerce should be quashed, and that a protective order should be entered prohibiting the production of requested documents.

Respectfully submitted,

KENYON & KENYON LLP

Date: _2/14/08_      By: _Erik C. Kane_

Edward T. Colbert (Bar No. 206425)
Erik C. Kane (Bar No. 495156)
William M. Merone
KENYON & KENYON LLP
1500 K Street, N.W.; Suite 700
Washington, D.C. 20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201

*Counsel for Movant, The Chamber of Commerce of the United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA<br><br>*Movant,*<br><br>v.<br><br>UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION,<br><br>*Non-Movant.* | United States Patent and Trademark Office<br><br>Trademark Trial and Appeal Board<br><br>Opposition No.: 91/156,321<br><br>Serial No.: 78/081,731 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that, pursuant to the direction of the Court, and as soon as the Court

may hear counsel, counsel for Movant will move this Court to quash the subpoena duces tecum

served on third party, U.S. – Mexico Chamber of Commerce. The reasons supporting this motion

are set forth in the Motion and Memorandum to Movant's Motion to Quash Trial Testimony

Subpoena Duces Tecum, filed  February 14, 2008.

Respectfully submitted,

KENYON & KENYON LLP

Date: 2/14/08

By: _____

Edward T. Colbert (Bar No. 206425)
Erik C. Kane (Bar No. 495156)
William M. Merone

KENYON & KENYON LLP
1500 K Street, N.W.
Washington, DC  20005
Tel.: (202) 220 – 4200
Fax: (202) 220 – 4201

*Counsel for Movant, The Chamber of Commerce
of the United States of America*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA<br><br>*Movant,*<br><br>v.<br><br>UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION,<br><br>*Non-Movant.* | United States Patent and Trademark Office<br>Trademark Trial and Appeal Board<br>Opposition No.: 91/156,321<br>Serial No.: 78/081,731 |

ERIK C. KANE, under penalty of perjury, declares as follows:

1.     I am an associate with the law firm of Kenyon & Kenyon LLP, which represents Movant The Chamber of Commerce of the United States of America ("U.S. Chamber") in this matter.  I make this declaration in support of U.S. Chamber's Motion to Quash Trial Testimony Subpoena Duces Tecum of The U.S.-Mexico Chamber of Commerce.

2.     Attached hereto as Exhibit A is a true and correct copy of a April 26, 2006 scheduling order issued by the Trademark Trial and Appeal Board ("TTAB").

3.     Attached hereto as Exhibits B-C are true and correct copies of the parties' April 16, 2007 stipulated motion to reset trial dates and the TTAB's April 18, 2007 order entering the stipulated motion.

4.     Attached hereto as Exhibits D-E are true and correct copies of the parties' October 1, 2007 stipulated motion for an extension of time and the TTAB's October 2, 2007 order entering the stipulated motion.

5.     Attached hereto as Exhibit F is a third party subpoena issued by the United States Hispanic Chamber of Commerce Foundation on February 8, 2008.

6.     Attached hereto as Exhibit G are true and correct copies of various sections of the Trademark Trial and Appeal Board Trademark Board Manual of Procedure.

7.     Attached hereto as Exhibit H is a true and correct copy of *Dodson v. CBS Broad.,* 2005 U.S. Dist. LEXIS 30126 (S.D.N.Y. 2005).

8.     Attached hereto as Exhibit I is a true and correct copy of *McKay v. Triborough Bridge and Tunnel Authority,* 2007 WL 3275918 (S.D.N.Y. 2007).

9.     Attached hereto as Exhibit J is a true and correct copy of *BASF Corp. v. Old World Trading Co.,* 1992 WL 24076 (N.D. Ill. 1992).

10.     Attached hereto as Exhibit K is a true and correct copy of *Puritan Inv. Corp. v. ASLL Corp.,* 1997 WL 793569 (E. D. Pa. 1997).


Dated:  February 14, 2008

Erik C. Kane

# Exhibit A

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Mailed: April 26, 2006

Opposition No. **91156321**

THE CHAMBER OF COMMERCE OF THE
UNITED STATES

v.

United States Hispanic Chamber
of Commerce Foundation

Linda Skoro, Interlocutory Attorney

This case comes up on opposer's motion to suspend and/or
extend the trial dates filed on March 13, 2006. Applicant has
opposed the motion.[1]

The grounds for its motion are to "afford the parties
time to continue ongoing settlement negotiations…".
Applicant's objection is that "opposer has made very little
effort to advance the settlement of this matter in the last

---

[1] Applicant requests that the motion be denied because opposer
failed to serve a copy of the motion on applicant and also that
the motion not be considered filed on the last day of the
discovery period, i.e., March 13, 2006, due to the failure of
service. However, the Board issued an order on April 21, 2006
requiring opposer to provide a service copy to applicant, and now
that applicant has actual notice and has responded to the motion,
opposer's motion is being considered as filed on March 13, 2006.
Opposer is reminded, however, of its obligation to serve copies
of electronic filings on opposing counsel and to have the
certificate of service contained in the electronic filing.

six months", the length of time this matter has been pending, *i.e.*, three years, and a desire to move the matter forward.

Because applicant states that settlement negotiations are going nowhere and because this is the eighth request for further delay, opposer's motion to suspend is hereby denied, but its motion to extend the trial periods[2] is hereby granted as set forth below.

| | |
|---|---|
| Discovery period to close: | **6/1/ 2006** |
| 30-day testimony period for party in position of plaintiff to close: | **8/30/2006** |
| 30-day testimony period for party in position of defendant to close: | **10/29/2006** |
| 15-day rebuttal testimony period to close: | **12/13/2006** |

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

.oOo.

---

[2]  Applicant opposed opposer's request for a sixty-day extenxion, but because opposer's motion was filed on the last day of the discovery period, and the Board is just now addressing the motion, a thirty-day extension is being granted.

# Exhibit B

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA135576** |
| Filing date: | **04/16/2007** |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding | 91156321 |
| Party | Plaintiff<br>The Chamber of Commerce of the United States of America<br>The Chamber of Commerce of the United States of America<br><br>, |
| Correspondence Address | William M. Merone<br>Kenyon &amp; Kenyon<br>1500 K Street N.W., Suite 700<br>Washington, DC 20005<br>UNITED STATES<br>ekane@kenyon.com |
| Submission | Stipulated/Consent Motion to Extend |
| Filer's Name | William M. Merone |
| Filer's e-mail | tmdocketdc@kenyon.com |
| Signature | /William M. Merone/ |
| Date | 04/16/2007 |
| Attachments | Motion to Reset Trial Dates (USHCOC).pdf ( 4 pages )(26191 bytes ) |

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

| |
|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA |
| *Opposer,* |
| v. |
| UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION, |
| *Applicant.* |

Opposition No.: 91/156,321

Serial No.: 78/081,731

## MOTION ON CONSENT TO RESET TRIAL DATES

Pursuant to TBMP Section 509 and Trademark Rule 2.121, Opposer, The Chamber of Commerce of the United States of America, requests that the trial dates for this proceeding be reset in accordance with the schedule below. Opposer is making this request to accommodate the scheduling conflicts of counsel for Applicant, United States Hispanic Chamber of Commerce Foundation, which has consented to this request.

Testimony in the present case opened on March 20th, 2007. On April 2nd, Opposer served on Applicant its *Notices of Taking Testimonial Depositions*, setting testimony in this case for April 18th – 20th. Shortly thereafter, Applicant asserted that it would be unable to attend the scheduled testimony, and that it also could not attend any depositions in May because of a conflicting trial schedule. Applicant thus requested that Opposer reschedule its testimony depositions for some time beginning the first week of June. To accommodate that request, Opposer has agreed to reschedule its testimony dates, which will now run from June 8th – 28th.

Opposer thus submits that it has shown good cause for extending the testimony period, and requests on consent that its testimony period be extended up through and including **Friday, June 29th**. Specifically, the parties consent to the following schedule:

| | |
|---|---|
| 30-day testimony period for plaintiff in the opposition to close: | 6/29/2007 |
| 30-day testimony period for defendant in the Opposition and as plaintiff in the counterclaim to close: | 8/29/2007 |
| 30-day testimony period for defendant in the counterclaim and its rebuttal testimony as plaintiff in the opposition to close: | 10/29/2007 |
| 15-day rebuttal testimony period for plaintiff in the counterclaim to close: | 12/15/2007 |
| Briefs shall be due as follows: [See Trademark rule 2.128(a)(2)]. | |
| Brief for plaintiff in the opposition shall be due: | 2/15/2008 |
| Brief for defendant in the opposition and as plaintiff in the counterclaim shall be due: | 3/17/2008 |
| Brief for defendant in the counterclaim and its Reply brief (if any) as plaintiff in the opposition shall be due: | 4/17/2008 |
| Reply brief (if any) for plaintiff in the counterclaim shall be due: | 5/2/2008 |

Opposer submits that the proposed schedule modifications are necessary to permit the orderly presentation of evidence in this case and are being made to accommodate the parties' scheduling concerns, and not for the purpose of delaying these proceedings. However, should the Board not agree to the above proposed schedule, Opposer requests in

the alternative that the Board grant at least a thirty (30) day extension of time to permit

Opposer to reschedule the trial depositions previously noticed.


Respectfully submitted,


Date:   April 16, 2006                  /William M. Merone/
                                        Edward T. Colbert
                                        William M. Merone
                                        KENYON & KENYON
                                        1500 K Street, N.W.; Suite 700
                                        Washington, D.C.  20005
                                        Tel.: (202) 220 – 4200
                                        Fax:  (202) 220 – 4201

                                        *Counsel for Opposer, The Chamber of
                                        Commerce of the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that the required number of copies of the foregoing *Motion On Consent To Reset Trial Dates* was served on the parties or counsel on the date and as indicated below:

**By First-Class Mail (Postage Prepaid)**
**and Facsimile: (310) 312 – 4224**

Jill M. Pietrini
Andrew Eliseev
MANATT PHELPS & PHILLIPS, LLP
11355 W. Olympic Boulevard
Los Angeles, CA 90064-1614

Date:   April 16, 2007

/William M. Merone/ _____
Edward T. Colbert
William M. Merone
Erik C. Kane
KENYON & KENYON LLP
1500 K Street, N.W.; Suite 700
Washington, D.C.  20005
Tel.: (202) 220 – 4200
Fax:  (202) 220 – 4201

*Counsel for Opposer, The Chamber of*
*Commerce of the United States of America*

Exhibit C

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  April 18, 2007

Opposition No. 91156321

The Chamber of Commerce of the
United States of America

v.

United States Hispanic Chamber
of Commerce Foundation

Linda Skoro, Interlocutory Attorney

On March 15, 2007, the Board denied applicant's motion
to compel discovery, finding that applicant had not made the
requisite good faith effort to resolve the discovery
dispute, and further that opposer's discovery responses were
sufficient.  Applicant has filed a timely request for
reconsideration to which opposer has objected.

Motions for reconsideration, as set forth in 37 C.F.R.
Ə 2.127(b), provide an opportunity for a party to point out
any error the Board may have made in considering the matter
initially.  It is not to be a reargument of the points
presented in its original motion.  In this case, applicant
continues to argue that it is prejudiced by opposer's
failure to supplement its discovery responses.

Upon careful consideration of applicant's arguments on
reconsideration, we are not persuaded that there was any

error in our decision.  Applicant appears to misunderstand
its burden in a motion to compel.  Opposer stated its
objections to certain discovery requests.  Applicant
disagreed with those objections, but did not inform opposer
as to why it disagreed with opposer's objections.  It is not
opposer's burden to justify its objections if applicant has
not stated grounds why it challenges the objections.
Generally the Board looks for the parties' good faith effort
to work out any discovery disputes through an exchange of
correspondence designed to resolve the disagreement.  That
clearly was not present before the motion to compel was
filed.

Accordingly, the request for reconsideration is denied.
The parties' consented motion to reset dates, filed April
16, 2007, is hereby granted.  Dates are set as provided in
that motion.

.oOo.

# Exhibit D

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA165803**

Filing date: **10/01/2007**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding | 91156321 |
| Party | Defendant<br>United States Hispanic Chamber of Commerce Foundation |
| Correspondence Address | Jill M. Pietrini<br>Manatt Phelps & Phillips, LLP<br>11355 W. Olympic Boulevard<br>Los Angeles, CA 90064-1614<br>UNITED STATES<br>mdanner@manatt.com |
| Submission | Stipulated/Consent Motion to Extend |
| Filer's Name | Jill M. Pietrini |
| Filer's e-mail | mdanner@manatt.com |
| Signature | /jillpietrini/ |
| Date | 10/01/2007 |
| Attachments | Amended Stipulated Motion for Extension.pdf ( 3 pages )(60142 bytes ) |

Docket No. 27206-060

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| *In re Matter of Application No.* 78/081,731 *for the mark* UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION<br><br>THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,<br><br>Opposer,<br><br>vs.<br><br>UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION,<br><br>Applicant. | Opposition No. 91-156231<br><br><br>**AMENDED STIPULATED MOTION FOR EXTENSION OF TIME** |
| And Related Counterclaims | |

Commissioner for Trademarks
ATTN: Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria,VA 22313-1451

Pursuant to 37 C.F.R. § 2.121(d) and TBMP § 501, Applicant United States Hispanic Chamber of Commerce Foundation ("Applicant"), by and through its counsel, and Opposer The Chamber of Commerce of the United States of America ("Opposer"), by and through its counsel, hereby jointly move for and stipulate to an extension of 5 months of the schedule set in this action. **This Amended Stipulated Motion for Extension of Time is being submitted instead and in place of the Stipulated Motion for Extension of Time dated September 12, 2007** because the dates for the counterclaims were incorrect.

This extension is necessary to allow the parties to avoid multiple scheduling conflicts in September 2007 and the upcoming months of October 2007 through January 2008. Specifically, Applicant set testimony depositions for three witnesses in mid-September. Notices for those depositions were served on Opposer by mail on August 29, 2007. Opposer objected to the notices because it did not receive them until September 5, 2007. Opposer's counsel was also unavailable on two of the days selected for the depositions. Applicant's witnesses were not available the later part of September because of the annual convention for United States Hispanic Chamber of Commerce which Applicant's witness planned to attend. Finally, Applicant's counsel is scheduled to be out of the country from October 5, 2007 to October 25, 2007. Upon her return, Opposer's counsel is scheduled for trial in another matter in December out of state.

Applicant and Opposer agreed to this extension via e-mail on September 7, 2007. Accordingly, Applicant and Opposer stipulate to the following schedule for the remaining testimony and trial dates in this action:

| | |
|---|---|
| Testimony period for defendant/counterclaimant to close | February 28, 2008 |
| Rebuttal testimony period for plaintiff/counterdefendant to close | April 28, 2008 |
| Rebuttal testimony period for counterclaimant to close | June 14, 2008 |
| Plaintiff's brief is due | August 13, 2008 |
| Defendant/counterclaimant's brief is due | September 12, 2008 |
| Plaintiff's reply brief/Counterdefendant's brief is due | October 12, 2008 |
| Counterclaimant's reply brief is due | October 27, 2008 |

Respectfully submitted,

Date:  October 1, 2007

/s/ Jill Pietrini
Jill Pietrini
Andrew Eliseev
MANATT, PHELPS & PHILLIPS, LLP
11355 W. Olympic Blvd., 10th Floor
Los Angeles, California  90064
(310) 312-4000

*Attorneys for Applicant*

## CERTIFICATE OF ELECTRONIC TRANSMISSION

I hereby certify that this correspondence is being transmitted electronically through ESTTA pursuant to 37 C.F.R. § 2.195(a) on this 1st day of October, 2007.

/s/ Monica Danner
Monica Danner

## CERTIFICATE OF SERVICE

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Erik Kane, Esq., Kenyon & Kenyon, 1500 K Street, N.W., Suite 700, Washington, DC  20005, on this 1st day of October, 2007.

/s/ Monica Danner
Monica Danner

41161664.1

3

Exhibit E

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed: October 2, 2007

Opposition No. 91156321

The Chamber of Commerce of
the United States of
America

v.

United States Hispanic
Chamber of Commerce
Foundation

**Angela Campbell, Paralegal Specialist:**

Applicant's stipulated motion for extension of time

filed September 17, 2007 and amended stipulated motion for

extension of time filed October 1, 2007 to extend trial

dates, including dates for the counterclaim, are granted.

Trademark Rule 2.127(a).

Trial dates, including dates for the counterclaim, are

reset in accordance with applicant's motion.

The USPTO published a notice of final rulemaking in the
Federal Register on August 1, 2007, at 72 F.R. 42242.  By
this notice, various rules governing Trademark Trial and
Appeal Board inter partes proceedings are amended.  Certain
amendments have an effective date of August 31, 2007, while
most have an effective date of November 1, 2007.  For
further information, the parties are referred to a reprint

of the final rule and a chart summarizing the affected
rules, their changes, and effective dates, both viewable on
the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.
pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_
FinalRuleChart.pdf

By one rule change effective August 31, 2007, the Board's
standard protective order is made applicable to all TTAB
inter partes cases, whether already pending or commenced on
or after that date.  However, as explained in the final
rule and chart, this change will not affect any case in
which any protective order has already been approved or
imposed by the Board.  Further, as explained in the final
rule, parties are free to agree to a substitute protective
order or to supplement or amend the standard order even
after August 31, 2007, subject to Board approval.  The
standard protective order can be viewed using the following
web address:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.h
tm

# Exhibit F

Docket No. 27206-060

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| In Re Application Serial No. 78/081,731 for U.S. HISPANIC CHAMBER OF COMMERCE FOUNDATION & Design<br><br>THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,<br><br>       Opposer,<br><br>vs.<br><br>UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION,<br><br>       Applicant. | Opposition No. 91-156,321<br><br>**APPLICANT UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION'S NOTICE OF TAKING TESTIMONY DEPOSITION OF UNITED STATES – MEXICO CHAMBER OF COMMERCE** |

TO OPPOSER AND ITS ATTORNEYS OF RECORD:

Pursuant to Trademark Rule 2.123(c) and the Federal Rules of Civil Procedure, Applicant United States Hispanic Chamber of Commerce Foundation ("Applicant"), will take the testimony deposition, by oral examination, of United States – Mexico Chamber of Commerce on Monday, February 25, 2008, beginning at 9:00 a.m. A copy of the subpoena for the witness is attached.

Applicant will take the deposition at the following address:

    Manatt, Phelps & Phillips, LLP
    One Metro Center
    700 12th Street, N.W.
    Suite 1100
    Washington, D.C. 20005

The deposition will be conducted before an officer authorized to administer oaths and will be recorded by stenographic methods.

1

Opposer is invited to attend and cross-examine.

MANATT, PHELPS & PHILLIPS, LLP

Dated:  February 8, 2008          By: _____

                                  Jill M. Pietrini
                                  Andrew Eliseev
                                  *Attorneys for Applicant United States Hispanic*
                                  *Chamber of Commerce Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **APPLICANT UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION'S NOTICE OF TAKING TESTIMONY DEPOSITION OF UNITED STATES – MEXICO CHAMBER OF COMMERCE** has been served upon the attorney for Opposer by facsimile and depositing a copy thereof in an envelope addressed to:

> Erik C. Kane
> KENYON & KENYON
> 1500 K Street, N.W., Suite 700
> Washington, DC  20005
> Fax:  (202) 220-4201

on this 8th day of February, 2008.

_____
Betty Lee

41204973.1

2

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

The Chamber of Commerce of the United States of America,
Opposer,

V.

United States Hispanic Chamber of Commerce Foundation,
Applicant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  U.S. Patent and Trademark
Office, Trademark Trial and Appeal Board
Case No. 91-156,321

TO:  The U.S. - Mexico Chamber of Commerce
1300 Pennsylvania Avenue, N.W.
Suite G-0003
Washington, D.C. 20004

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Manatt, Phelps & Phillips, LLP; One Metro Center, 700 12th Street, N.W., Suite1100, Washington, D.C. 20005.  See Schedule A attached hereto. | February 25, 2008, 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule B attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Manatt, Phelps & Phillips, LLP; One Metro Center, 700 12th Street, N.W., Suite1100, Washington, D.C. 20005. | February 22, 2008, 11:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Andrew Eliseev*  Attorneys for Applicant | February _8_, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew Eliseev; Manatt, Phelps & Phillips, LLP; 11355 W. Olympic Boulevard, Los Angeles, CA 90064;
Telephone: (310) 312-4384

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

41204271.1

American LegalNet, Inc.
www.FormsWorkflow.com

## SCHEDULE A

1.     The date of U.S.-Mexico Chamber of Commerce's ("USMCC") first use of its name and trademark U.S.-MEXICO CHAMBER OF COMMERCE, or any other mark or name including CHAMBER OF COMMERCE (the "USMCC Marks").

2.     The types of products and services that the USMCC offers, sells or sold under, or bearing or promoted as or under, the USMCC Marks (the "USMCC Products and Services").

3.     The USMCC's marketing and/or advertising of the USMCC Products and Services.

4.     The number and type of customers of the USMCC Products and Services and/or the number of members of the USMCC.

5.     The amount spent by the USMCC to advertise or promote the USMCC Products and Services from inception to the present.

6.     Publicity relating to the USMCC Products and Services, including but not limited to, reviews, features, or mentions of the USMCC Products and Services in any medium and all press releases relating to any USMCC Products and Services.

7.     Any instances of confusion between the USMCC (or the USMCC Products and Services) and the U.S. Chamber of Commerce (or its products and services).

8.     Any instances of confusion between the USMCC (or the USMCC Products and Services) and the U.S. Hispanic Chamber of Commerce (or its products and services).

9.     Allegations of trademark infringement or any challenges to the use or registration of the USMCC Marks, if any, by the U.S. Chamber of Commerce against the USMCC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## SCHEDULE B

1.    Representative samples of documents and things reflecting the advertising, promotion, offering for sale, and/or sale of USMCC's Products and Services, including but not limited to, catalogs, advertisements, website pages, brochures, tradeshow materials, *etc.*

2.    Representative samples of documents and things reflecting the total number of USMCC members from inception to the present.

3.    Representative documents and things reflecting any publicity relating to USMCC's Products and Services, including but not limited to, press releases, articles, stories, or the like featuring, mentioning, or reviewing USMCC's Products and Services.

4.    Representative samples of documents and things reflecting the geographic scope of USMCC's use of the USMCC Marks.

5.    Letters, emails, or the like reflecting communications with the U.S. Chamber of Commerce, membership in the U.S. Chamber of Commerce, or any agreements or licenses with the U.S. Chamber of Commerce.

41202732.1

# Exhibit G

# TRADEMARK TRIAL
# AND
# APPEAL BOARD
# MANUAL OF
# PROCEDURE
# (TBMP)

**Second Edition**

June 2003

Revision 1
March 2004

**United States Patent and Trademark Office**

## Chapter 100
## GENERAL INFORMATION

# 101  Applicable Authority

## 101.01  Statute and Rules of Practice

All proceedings before the Trademark Trial and Appeal Board ("TTAB" or "Board") are governed by the Lanham Trademark Act of 1946, as amended, ("Act of 1946" or "Act"), 15 U.S.C. § 1051 et seq.; the rules of practice in trademark cases (commonly known as the Trademark Rules of Practice), which may be found in Parts 2 and 7 of Title 37 of the Code of Federal Regulations ("CFR"); the rules pertaining to assignments in trademark cases, which may be found in Parts 3 and 7 of 37 CFR; and the rules relating to representation of others before the United States Patent and Trademark Office which may be found in Part 10 of 37 CFR.  The United States Patent and Trademark Office ("USPTO" or "Office") rules governing procedure in inter partes proceedings before the Board are adapted, in large part, from the Federal Rules of Civil Procedure, with modifications due primarily to the administrative nature of Board proceedings.[1]

A copy of Title 37 of the CFR may be obtained at a nominal cost from the U.S. Government Printing Office. Title 37 of the CFR may also be found on the Internet at the Government Printing Office web site at: www.access.gpo.gov/nara/cfr or at the USPTO web site at: www.uspto.gov.

Information regarding proposed and final rule changes to Title 37 is also posted on the Office web site at www.uspto.gov.

## 101.02  Federal Rules

Inter partes proceedings before the Board are also governed by the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), except as otherwise provided in the Trademark Rules of Practice, and "wherever applicable and appropriate";[2] and by the Federal Rules of Evidence ("Fed. R. Evid.").[3]

---

[1]  *See Yamaha International Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 6 USPQ2d 1001, 1004 (Fed. Cir. 1988).

[2]  *See* 37 CFR § 2.116(a).

[3]  *See* 37 CFR §§ 2.116(a), 2.120(a), and 2.122(a); *Young v. AGB Corp.,* 152 F.3d 1377, 47 USPQ2d 1752, 1753 n.3 (Fed. Cir. 1998); and *Cerveceria India Inc. v. Cervecevia Centroamericana, S.A.,* 10 USPQ2d 1064 (TTAB 1989), *aff'd, Centroamericana, S.A. v. Cerveceria India, Inc.,* 892 F.2d 1021, 13 USPQ2d 1307, 1311 (Fed. Cir. 1989) (In applying the burden of proof provisions of Fed. R. Evid. 301, the court stated "[t]he Federal Rules of Evidence generally apply to TTAB proceedings.").

# Chapter 400
# DISCOVERY

of its case and that it is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.[18]

## 403  Timing of Discovery

### 403.01  In General

*37 CFR § 2.120(a)  … The Trademark Trial and Appeal Board will specify the opening and closing dates for the taking of discovery.  The trial order setting these dates will be mailed with the notice of institution of the proceeding.  The discovery period will be set for a period of 180 days.  The parties may stipulate to a shortening of the discovery period.  The discovery period may be extended upon stipulation of the parties approved by the Board, or upon motion granted by the Board, or by order of the Board.  If a motion for an extension is denied, the discovery period may remain as originally set or as reset.  Discovery depositions must be taken, and interrogatories, requests for production of documents and things, and requests for admission must be served, on or before the closing date of the discovery period as originally set or as reset.*
*…*

When a timely opposition or petition to cancel in proper form has been filed, and the required fee has been submitted (or at the time described in 37 CFR § 2.92 for an interference and 37 CFR § 2.99(c) for a concurrent use proceeding); the Board sends out a notice advising the parties of the institution of the proceeding.[19]  The notice includes a trial order setting the opening and closing dates for the discovery period and assigning each party's time for taking testimony.[20]  The date set for the close of discovery is 180 days after the opening of discovery.

The discovery devices, namely, discovery depositions, interrogatories, requests for production of documents and things, and requests for admission, are available for use only during the discovery period.[21]  A party has no obligation to respond to an untimely request for discovery.

---

[18]  *See, for example*, Fed. R. Civ. P. 26(b)(3) and (b)(5); *Goodyear Tire & Rubber Co. v. Tyrco Industries*, 186 USPQ 207, 208 (TTAB 1975); and *Johnson & Johnson v. Rexall Drug Co.*, 186 USPQ 167, 171 (TTAB 1975). *See also Miles Laboratories, Inc. v. Instrumentation Laboratory, Inc.*, 185 USPQ 432 (TTAB 1975); *Amerace Corp. v. USM Corp.*, 183 USPQ 506 (TTAB 1974); and *Goodyear Tire & Rubber Co. v. Uniroyal, Inc.*, 183 USPQ 372 (TTAB 1974) and TBMP § 412 (Protective Orders).

[19]  *See* 37 CFR §§ 2.105 and 2.113; and TBMP §§ 310, 1003 and 1106.

[20]  *See* 37 CFR §§ 2.120(a) and 2.121(a).

[21]  *See Smith International, Inc. v. Olin Corp.*, 201 USPQ 250, 251 (TTAB 1978) (although a specific time period is not provided in Rule 34, it is implicit that utilization thereof is limited to the discovery period) and *Rhone-Poulenc Industries v. Gulf Oil Corp.*, 198 USPQ 372, 373 (TTAB 1978).

# Chapter 400
# DISCOVERY

under the applicable rules, irrespective of the sequence of requests for discovery, or of an adversary's failure to respond to a pending request for discovery.[26]

A party which fails to respond to a request for discovery during the time allowed therefor, and which is unable to show that its failure was the result of excusable neglect, may be found, upon motion to compel filed by the propounding party, to have forfeited its right to object to the discovery request on its merits.[27]  Objections going to the merits of a discovery request include claims that the information sought by the request is irrelevant, overly broad, unduly vague and ambiguous, burdensome and oppressive, or not likely to lead to the discovery of admissible evidence.[28]  In contrast, objections based on claims of privilege or confidentiality or attorney work product do not go to the merits of the request, but instead to a characteristic of the information sought.[29]

## 403.04  Extensions of Discovery Period and/or Time to Respond to Discovery Requests

*37 CFR § 2.120(a)  ... The discovery period may be extended upon stipulation of the parties approved by the Board, or upon motion granted by the Board, or by order of the Board.  If a motion for an extension is denied, the discovery period may remain as originally set or as reset.*

* * * *

*... The time to respond [to interrogatories, requests for production of documents and things, and requests for admission] may be extended upon stipulation of the parties, or upon motion granted by the Board, or by order of the Board. The resetting of a party's time to respond to an outstanding request for discovery will not result in the automatic rescheduling of the discovery*

---

[26] *See* Fed. R. Civ. P. 26(d); *Miss America Pageant v. Petite Productions, Inc.*, 17 USPQ2d 1067, 1070 (TTAB 1990) and *Giant Food, Inc. v. Standard Terry Mills, Inc.*, 231 USPQ 626, 632 (TTAB 1986).

[27] *See No Fear Inc. v. Rule*, 54 USPQ2d 1551, 1554 (TTAB 2000) (stating that the Board has great discretion in determining whether such forfeiture should be found); *Envirotech Corp. v. Compagnie Des Lampes*, 219 USPQ 448, 449 (TTAB 1979) (excusable neglect not shown where opposer was out of the country and, upon return, failed to ascertain that responses were due); and *Crane Co. v. Shimano Industrial Co.*, 184 USPQ 691, 691 (TTAB 1975) (waived right to object by refusing to respond to interrogatories, claiming that they served "no useful purpose"). *See also Luehrmann v. Kwik Kopy Corp.*, 2 USPQ2d 1303, 1303 (TTAB 1987) (right to object not waived where although discovery responses were late, there was some confusion regarding time to answer); and *MacMillan Bloedel Ltd. v. Arrow-M Corp.*, 203 USPQ 952, 953 (TTAB 1979) (party seeking discovery is required to make good faith effort to determine why no response has been made before coming to Board with motion to compel).

[28] *See No Fear Inc. v. Rule*, *supra* at 1554.

[29] *See No Fear Inc. v. Rule*, *supra* at 1554 (party will generally not be found to have waived the right to make these objections).

400 - 10

# Chapter 400
# DISCOVERY

*and/or testimony periods; such dates will be rescheduled only upon stipulation of the parties approved by the Board, or upon motion granted by the Board, or by order of the Board.*

**37 CFR § 2.121(a)(1)** *... The resetting of the closing date for discovery will result in the rescheduling of the testimony periods without action by any party.*

\* \* \* \*

*(d) When parties stipulate to the rescheduling of testimony periods or to the rescheduling of the closing date for discovery and the rescheduling of testimony periods, a stipulation presented in the form used in a trial order, signed by the parties, or a motion in said form signed by one party and including as statement that every other party has agreed thereto, shall be submitted to the Board.*

The closing date of the discovery period may be extended by stipulation of the parties approved by the Board, or on motion (pursuant to Fed. R. Civ. P. 6(b)) granted by the Board, or by order of the Board. An extension of the closing date for discovery will result in a corresponding extension of the testimony periods without action by any party.[30] A stipulation or consented motion to extend discovery and trial dates must be filed with the Board and should be presented in the form used in a trial order.[31]

Mere delay in initiating discovery does not constitute good cause for an extension of the discovery period.[32] Thus, a party which waits until the waning days of the discovery period to serve interrogatories, requests for production of documents and things, and/or requests for admission will not be heard to complain, when it receives responses thereto after the close of the discovery period, that it needs an extension of the discovery period in order to take "follow-up" discovery.[33]

At the same time, a party which receives discovery requests early in the discovery period may not, by delaying its response thereto, or by responding improperly so that its adversary is forced to file a motion to compel discovery, rob its adversary of the opportunity to take "follow-up" discovery. Such a delay or improper response constitutes good cause for an extension of the

---

[30] *See* 37 CFR § 2.121(a)(1). *For information concerning stipulations to extend, see* TBMP § 501.03. *For information concerning motions to extend, see* TBMP § 509.

[31] *See* 37 CFR § 2.121(d).

[32] *See Luehrmann v. Kwik Kopy Corp.*, 2 USPQ2d 1303, 1305 (TTAB 1987) (no reason given why discovery was not taken during the time allowed); and Janet E. Rice, *TIPS FROM THE TTAB: The Timing of Discovery*, 68 Trademark Rep. 581 (1978).

[33] *See American Vitamin Products Inc. v. Dow Brands Inc.*, 22 USPQ2d 1313, 1316 n. 4 (TTAB 1992).

# Chapter 400
# DISCOVERY

discovery period. Therefore, the Board will, at the request of the propounding party, extend the discovery period (at least for the propounding party) so as to restore that amount of time which would have remained in the discovery period had the discovery responses been made in a timely and proper fashion.[34]

The time for responding to a request for discovery may be extended or reopened by stipulation of the parties, or on motion (pursuant to Fed. R. Civ. P. 6(b)) granted by the Board, or by order of the Board. However, an extension of a party's time to respond to an outstanding request for discovery will not result in an automatic corresponding extension of the discovery and/or testimony periods.[35] Such periods will be rescheduled only on stipulation of the parties approved by the Board, or on motion granted by the Board, or by order of the Board.

A stipulation to extend or reopen only the time for responding to a request for discovery (that is, not to extend or reopen also the closing date for the discovery period and/or testimony periods) does not have to be filed with the Board. However, to avoid any misunderstanding between the parties as to the existence and terms of such a stipulation, it is recommended that the stipulation be reduced to writing, even if it is not filed with the Board.

## 403.05  Need for Early Initiation of Discovery

### 403.05(a)  To Allow Time for "Follow-up" Discovery

If a party wishes to have an opportunity to take "follow-up" discovery after it receives responses to its initial requests for discovery, it must serve its initial requests early in the discovery period, so that when it receives responses thereto, it will have time to prepare and serve additional discovery requests prior to the expiration of the discovery period.[36]

### 403.05(b)  To Facilitate Introduction of Produced Documents

*37 CFR § 2.120(j)(3)(ii)   A party which has obtained documents from another party under Rule 34 of the Federal Rules of Civil Procedure may not make the documents of record by notice of reliance alone, except to the extent that they are admissible by notice of reliance under the provisions of § 2.122(e).*

---

[34] *See Miss America Pageant v. Petite Productions, Inc.*, 17 USPQ2d 1067 (TTAB 1990) and *Neville Chemical Co. v. Lubrizol Corp.*, 184 USPQ 689 (TTAB 1975).

[35] *See* 37 CFR §§ 2.120(a) and 2.121(a); and *PolyJohn Enterprises Corp.* v. *1-800-TOILETS, Inc.*, 61 USPQ2d 1860, 1861 (TTAB 2002) (mistaken belief that resetting time to respond to discovery also extended discovery and testimony periods did not constitute excusable neglect to reopen).

[36] *See* TBMP § 403.04 (Extensions of Discovery and Time to Respond).

# Chapter 500
# STIPULATIONS AND MOTIONS

If a motion to extend the time for taking action is denied, the time for taking such action may remain as previously set.[145]

While the time for filing a brief in response to a motion for summary judgment may be extended, the time for filing, in lieu thereof, a motion for discovery under Fed. R. Civ. P. 56(f) will not be extended.[146]

## 509.01(b)  Motions to Reopen Time

### 509.01(b)(1)  In General

Where the time for taking required action, as originally set or as previously reset, has expired, a party desiring to take the required action must file a motion to reopen the time for taking that action.  The movant must show that its failure to act during the time previously allotted therefor was the result of excusable neglect.  *See* Fed. R. Civ. P. 6(b).

The analysis to be used in determining whether a party has shown excusable neglect was set forth by the Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), adopted by the Board in *Pumpkin Ltd. v. The Seed Corps*, 43 USPQ2d 1582 (TTAB 1997). These cases hold that the excusable neglect determination must take into account all relevant circumstances surrounding the party's omission or delay, including (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[147]

---

[145]  *See, e.g.,* Trademark Rules 2.120(a) (discovery period); 2.121(a)(1) (testimony period); 2.127(a) (time for responding to a motion); and 2.127(e)(1) (time for responding to a summary judgment motion).  *See also Fairline Boats plc v. New Howmar Boats Corp., supra* at 1479; *Baron Philippe de Rothschild S.A. v. Styl-Rite Optical Mfg. Co., supra; Luemme Inc. v. D.B. Plus Inc., supra;* and *Procyon Pharmaceuticals Inc. v. Procyon Biopharma Inc., supra* at 1544 (petitioner's testimony period consequently expired where motion to extend testimony period was denied and dates were left as originally set).

    *Compare C.H. Stuart Inc. v. Carolina Closet, Inc.*, 213 USPQ 506, 507(TTAB 1980) (three-day testimony period for opposer reset "putting opposer in the same position it would have been in had no motion to compel been filed.").  *In addition, see Notice of Final Rulemaking*, published in the Federal Register on September 9, 1998 at 63 FR 48081, specifically, comments and responses published in the notice at 48091, 1214 TMOG at 149.

[146]  *See* TBMP § 528.06 (Request for Discovery to Respond to Summary Judgment).

[147]  *Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership, supra* at 395 and *Pumpkin Ltd. v. The Seed Corps, supra* at 1586.  *See also* cases cited throughout this section and in TBMP §§ 534.02 regarding motions to dismiss under 37 CFR § 2.132, and 544 regarding motions for relief from final judgment.

# Chapter 500
# STIPULATIONS AND MOTIONS

The "prejudice to the nonmovant" contemplated under the first *Pioneer* factor must be more than the mere inconvenience and delay caused by the movant's previous failure to take timely action, and more than the nonmovant's loss of any tactical advantage which it otherwise would enjoy as a result of the movant's delay or omission. Rather, "prejudice to the nonmovant" is prejudice to the nonmovant's ability to litigate the case, e.g., where the movant's delay has resulted in a loss or unavailability of evidence or witnesses which otherwise would have been available to the nonmovant.[148]

It has been held that the third *Pioneer* factor, i.e., "the reason for the delay, including whether it was within the reasonable control of the movant," may be deemed to be the most important of the *Pioneer* factors in a particular case.[149] Additionally, although many excusable neglect decisions which were issued prior to the Board's 1997 *Pumpkin* decision may no longer be controlling under the somewhat more flexible excusable neglect standard set out in *Pioneer* and *Pumpkin* (e.g., decisions holding that a failure to act due to counsel's docketing errors is, *per se*, not the result of excusable neglect), they nonetheless may be directly relevant to the Board's analysis under the third *Pioneer* excusable neglect factor.[150]

---

[148] *See Pumpkin Ltd. v. The Seed Corps, supra* at 1587, citing *Pratt v. Philbrook*, 109 F.3d 18 (1st Cir. 1997) and *Paolo's Associates Ltd. Partnership v. Bodo*, 21 USPQ2d 1899, 1904 (Comm'r 1990).

[149] *See Pumpkin Ltd. v. The Seed Corps, supra* at n.7 and cases cited therein. *See also Baron Philippe de Rothschild S.A. v. Styl-Rite Optical Mfg. Co.*, 55 USPQ2d 1848, 1851 (TTAB 2000) (counsel's press of other business, docketing errors and misreading of relevant rule are circumstances wholly within counsel's control); *Gaylord Entertainment Co. v. Calvin Gilmore Productions Inc.*, 59 USPQ2d 1369 (TTAB 2000) (failed to provide specific reasons for former counsel's inaction); *HKG Industries Inc. v. Perma-Pipe Inc.*, 49 USPQ2d 1156, 1158 (TTAB 1998) (failed to provide evidence linking the reason for the delay with the expiration of movant's testimony period); and *Atlanta-Fulton County Zoo Inc. v. De Palma*, 45 USPQ2d 1858 (TTAB 1998) (failure to timely move to extend testimony period was due to counsel's oversight and mere existence of settlement negotiations did not justify party's inaction or delay).

[150] *See Pumpkin Ltd. v. The Seed Corps., supra* at 1586-87 and at n.8. Such pre-*Pioneer* cases include, *e.g.*, *Hewlett-Packard Co. v. Olympus Corp.*, 931 F.2d 1551, 18 USPQ2d 1710, 1712 (Fed. Cir. 1991) (no excusable neglect where plaintiff's counsel unreasonably relied on defendant's counsel to sign and file plaintiff's proposed stipulated motion to extend trial dates); *American Vitamin Products Inc. v. Dow Brands Inc.*, 22 USPQ2d 1313 (TTAB 1992) (defendant's desire to take follow-up discovery and its uncertainty regarding status of plaintiff's pending motion to strike affirmative defenses did not excuse respondent's neglect in failing to file timely motion to extend discovery); *Hobie Designs Inc. v. Fred Hayman Beverly Hills Inc.*, 14 USPQ2d 2064, 2065 (TTAB 1990) (no excusable neglect where defendant's failure to timely respond to certain discovery requests was due to defendant's oversight or lack of care in reading discovery requests); *Consolidated Foods Corp. v. Berkshire Handkerchief Co., Inc.*, 229 USPQ 619 (TTAB 1986) (no excusable neglect where defendant's failure to timely respond to summary judgment motion was due to counsel's press of other litigation); and *Coach House Restaurant, Inc. v. Coach and Six Restaurants, Inc.*, 223 USPQ 176 (TTAB 1984) (same).

*For additional cases involving the excusable neglect standard, see* TBMP §§ 534 (Motion for Judgment for Plaintiff's Failure to Prove Case) *and* 544 (Motion for Relief from Final Judgment).

# Chapter 500
# STIPULATIONS AND MOTIONS

A party moving to reopen its time to take required action must set forth with particularity the detailed facts upon which its excusable neglect claim is based; mere conclusory statements are insufficient.[151]

In addition, for purposes of making the excusable neglect determination, it is irrelevant that the failure to timely take the required action was the result of the party's counsel's neglect and not the neglect of the party itself. Under our system of representative litigation, a party must be held accountable for the acts and omissions of its chosen counsel.[152]

## 509.01(b)(2)  To Introduce Newly Discovered Evidence

If a party files a motion to reopen its testimony period to introduce newly discovered evidence, the moving party must show not only that the proposed evidence has been newly discovered, but also that the evidence could not have been discovered earlier through the exercise of reasonable diligence.[153] However, even if a sufficient showing of due diligence has been made, the Board will not automatically reopen a party's testimony period for introduction of the new evidence. The Board must also consider such factors as the nature and purpose of the evidence sought to be brought in, the stage of the proceeding, and prejudice to the nonmoving party.[154]

---

[151]  *See Gaylord Entertainment Co. v. Calvin Gilmore Productions Inc., supra* (no specific reasons for former counsel's inaction); *HKG Industries Inc. v. Perma-Pipe Inc., supra* (no factual details as to the date of counsel's death in relation to plaintiff's testimony period or as to why other lawyers in deceased counsel's firm could not have assumed responsibility for the case).

[152]  *Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership, supra* at 396 (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962) and *United States v. Boyle*, 469 U.S. 241 (1985)); *Gaylord Entertainment Co. v. Calvin Gilmore Productions Inc., supra*; *CTRL Systems Inc. v. Ultraphonics of North America Inc.*, 52 USPQ2d 1300 (TTAB 1999); and *Pumpkin Ltd. v. The Seed Corps., supra* at 1586. *Cf. Netcore Technologies, Inc. v. Firstwave Technologies, Inc.*, ____ USPQ2d ____, 2001 WL 243440 (TTAB 2001) (attorney's unwarranted and untimely request to withdraw from representation of party may not be used as subterfuge to obtain a reopening of time to which the party is not otherwise entitled).

[153]  *See, for example, Rowell Laboratories, Inc. v. Canada Packers Inc.*, 215 USPQ 523, 529 n.2 (TTAB 1982) (improper to attempt to introduce newly discovered evidence by way of rebuttal testimony rather than moving to reopen testimony period). *See also Oxford Pendaflex Corp. v. Roladex Corp.*, 204 USPQ 249 (TTAB 1979); *Wilson Sporting Goods Co. v. Northwestern Golf Co.*, 169 USPQ 510 (TTAB 1971); *United States Plywood Corp. v. Modiglass Fibers, Inc.*, 125 USPQ 144 (TTAB 1960); *Lutz Superdyne, Inc. v. Arthur Brown & Bro., Inc.*, 221 USPQ 354 (TTAB 1984); *Tektronix, Inc. v. Daktronix, Inc.*, 187 USPQ 588 (TTAB 1975), *aff'd*, 534 F.2d 915, 189 USPQ 693 (CCPA 1976); and *Chemetron Corp. v. Self-Organizing Systems, Inc.*, 166 USPQ 495 (TTAB 1970).

[154]  *See Harjo v. Pro-Football, Inc.*, 45 USPQ2d 1789, 1790 (TTAB 1998) (newly discovered evidence was cumulative and redundant and did not have significant probative value to justify further delay of case) *citing*

# Exhibit H

LEXSEE



Positive
As of: Feb 12, 2008

**GARY W. DODSON, Plaintiff, -against- CBS BROADCASTING INC., et al., Defendants.**

**02 Civ. 9270 (KMW) (AJP)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**2005 U.S. Dist. LEXIS 30126**

**November 29, 2005, Decided
November 29, 2005, Filed**

**CORE TERMS:** discovery, subpoena, contempt, deadline, subpoena duces tecum, pretrial, returnable

**COUNSEL:** [*1] Gary W. Dodson, Plaintiff, Pro se, Clark, NJ.

For CBS Broadcasting Inc., Charles Fagan, Tony DiGiovanni, Tony Pettiti, Mike Kentranakus, Defendants: Bettina Barasch Plevan, Howard Zachary Robbins, Proskauer Rose LLP, New York, NY; Thomas Martin Mullins, Jr, Sabin, Bermant & gould, New York, NY.

**JUDGES:** Andrew J. Peck, United States Chief Magistrate Judge.

**OPINION BY:** Andrew J. Peck

**OPINION**

*OPINION AND ORDER*

**ANDREW J. PECK, United States Chief Magistrate Judge:**

Presently before the Court is plaintiff Dodson's "Motion for Contempt & Court Order to Enforce Court Issued Subpoena." (Dkt. No. 82.) The motion is *DENIED* in all respects.

*FACTS*

Discovery in this case ended in late 2003, and in June 2004 I recommended that defendants' summary judgment motion should be granted in part and denied in part. *Dodson v. CBS,* 02 Civ. 9270, 2004 WL 1336231 (S.D.N.Y. June 15, 2004) (Peck, M.J.). Judge Wood affirmed my Report and Recommendation on August 31, 2004. (Dkt. No. 55.) The parties thereafter were to file their Pretrial Order, and the case is trial ready, although no trial date has yet been set.

On or about October 5, 2005, Dodson served a subpoena [*2] *duces tecum* on Bettina Plevan, counsel of record for defendants, returnable at Dodson's home in New Jersey, seeking 10 categories of documents.

On or about October 18, 2005, defendants objected to the subpoena.

On or about November 7, 2005, Dodson filed the instant motion for contempt and to enforce the subpoena (Dkt. No. 82), and on November 22, 2005, defendants filed their opposition papers (Dkt. Nos. 84-85).

*ANALYSIS*

Dodson's motion is procedurally defective in at least two ways: (a) He did not request a pre-motion conference, as required by Judge Wood's rules (Judge Wood's Individual Practices P2.A; *see also* S.D.N.Y. Local Civil Rule 37.2); and (b) The motion is not accompanied by a Memorandum of Law, as required by S.D.N.Y. Local Civil Rule 7.1.

Furthermore, even aside from the procedural defects, Dodson's motion lacks merit.

Contempt is not available since defendants responded to the subpoena by serving objections. *See* Fed. R. Civ. P. 45(c)(2)(B). When objections to a subpoena have been made, the correct procedure is a motion to compel, not a motion for contempt. *Id.*

As to the portion of Dodson's motion [*3] that seeks to compel compliance with the subpoena: Discovery closed long ago. Dodson's subpoena clearly seeks discovery, as is apparent from his having the subpoena returnable to his address in New Jersey at the present time, instead of to Judge Wood's courtroom at the time of trial. Moreover, the scope of the request is broad and clearly is designed for discovery, not last-minute trial needs (such as for originals of documents where copies were produced in discovery and there is a need for the original at trial). While Rule 45 can be used to subpoena documents to be introduced at trial as trial exhibits, the need to do so should be limited because of the liberal federal pretrial discovery rules. Dodson here had ample discovery.

Rule 45 "trial subpoenas [*duces tecum*] may not be used, however, as means to engage in discovery after the discovery deadline has passed." *Puritan Inv. Corp. v. ASLL Corp.,* No. Civ. A. 97-1580, 1997 WL 793569 at *1 (E.D. Pa. Dec. 9, 1997) (& cases cited therein); *accord, e.g.,* 9 *Moore's Federal Practice,* § 45.02 (Matthew Bender 3d ed. 2005) ("Several courts have concluded that after the discovery [*4] deadline a party may not use a subpoena to obtain materials from third parties that could have been produced during discovery.") (citing cases); *Playboy Enter. Int'l Inc. v. OnLine Entm't, Inc.,* No. 00-Civ.-6618, 2003 WL 1567120 at *1-2 (E.D.N.Y. Mar. 13, 2003); *Mortgage Info. Servs., Inc. v. Kitchens,* 210 F.R.D. 562, 566-68 & n.2 (W.D.N.C. 2002) ("After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery.") (citing cases & authorities); *Dreyer v. GACS Inc.,* 204 F.R.D. 120, 122-23 (N.D. Ind. 2001) ("Rule 45 subpoenas constitute 'discovery' within the meaning of Rules 26 and 34. . . . This Court, like *Rice,* does not believe 'that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery.'"); *Grant v. Otis Elevator Co.,* 199 F.R.D. 673, 675 (N.D. Okla. 2001) ("Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline. [*5] "); *Alper v. United States,* 190 F.R.D. 281, 283-84 (D. Mass. 2000); *Rice v. United States,* 164 F.R.D. 556, 558 & n.1 (N.D. Okla. 1995); *BASF Corp. v. Old World Trading Co.,* No. 86 C 5602, 1992 WL 24076 at *2 (N.D. Ill. Feb. 4, 1992) (Trial subpoenas "may not be used as a means to engage in further discovery. . . . Here, discovery has been closed for almost eleven months, and the court will not allow the parties to engage in discovery through trial subpoenas. Furthermore, the court's policy of requiring parties to submit a pretrial order detailing those documents which it may use at trial is rendered nugatory if a trial subpoena may issue demanding documents not previously produced or identified."); *Stockwell v. Am. Allsafe Co.,* No. CIV-84-1179, 1986 WL 13941 at *1 (W.D.N.Y. Dec. 9, 1986); *Windsor Commc'ns Group, Inc. v. Price Waterhouse,* No. Civ. A 85-4119, 1986 WL 9888 at *1 (E.D. Pa. Sept. 8, 1986); *Pitter v. American Express Co.,* 82 Civ. 7451, 1984 WL 1272 at *6 (S.D.N.Y. Nov. 27, 1984); *United States v. Watchmakers of Switzerland Info. Ctr., Inc.,* 27 F.R.D. 513, 515 (S.D.N.Y. 1961). [*6]

Here, it is clear from the scope of Dodson's subpoena (and its return time and place) that it is for discovery purposes. As such, it is quashed and Dodson's motion is *DENIED.*

## CONCLUSION

For the reasons set forth above, Dodson's motion for contempt and to enforce the subpoena *duces tecum* (Dkt. No. 82) is *DENIED.*

SO ORDERED.

Dated: New York, New York

November 29, 2005

**Andrew J. Peck**

United States Chief Magistrate Judge

# Exhibit I

Westlaw.

Slip Copy                                                                                                    Page 1
Slip Copy, 2007 WL 3275918 (S.D.N.Y.)
(Cite as: 2007 WL 3275918 (S.D.N.Y.))

C
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Maurice McKAY, Plaintiff,
v.
TRIBOROUGH BRIDGE AND TUNNEL AU-
THORITY et al, Defendants.
No. 05 Civ. 8936(RJS).

Nov. 5, 2007.

*MEMORANDUM AND ORDER*
RICHARD J. SULLIVAN, District Judge.

**\*1** Plaintiff Maurice McKay ("Plaintiff" or "McKay") brings this action against defendants Triborough Bridge and Tunnel Authority ("TBTA") and TBTA police officers Michael Chiaia, Michael Albano, Jose Vasquez, Clarence Whitaker, and Michael Zino (collectively "Defendants"), alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. On or about August 3, 2007, approximately five months after the close of discovery in this case, Defendants served a subpoena on Plaintiff's employer, Metropolitan Transportation Authority ("MTA"), seeking Plaintiff's personnel, disciplinary, training, and other files maintained by the MTA (the "subpoena"). Pending before the Court is Plaintiff's motion to quash the subpoena and Defendants' letter in opposition, which the Court construes as a motion to reopen discovery, requesting that the Court order the production of documents as identified in the subpoena. For the following reasons, Defendants' request to reopen discovery is denied.

A district court has broad discretion "to direct and manage the pre-trial discovery process." *Wills v. Amerada Hess Corp.,* 379 F.3d 32, 41 (2d Cir.2004). As part of that discovery process, Rule 16(b) of the Federal Rules of Civil Procedure requires district courts to enter scheduling orders that limit the parties' time to complete discovery. Fed. R. Civ. Pro. 16(b)(3). The order "shall not be modi-

fied except upon a showing of good cause" and only by leave of the district judge. *Id.;* 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1522.1 (2d ed.1990); George v. Ford Motor Co., No. 03 Civ. 7643(GEL), 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007) (noting that discovery is governed by the scheduling order and "may not be conducted after the close of discovery absent good cause to modify that order"). A party seeking relief from the discovery schedule, including the reopening of discovery when discovery has closed, must make an application to the Court demonstrating why good cause exists to modify the schedule. Gray v. Town of Darien, 927 F.2d 69, 74 (2d Cir.1991). Whether good cause exists "depends on the diligence of the moving party." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir.2003); Fed.R.Civ.P. 16 Advisory Committee's Note (party seeking modification much show that the deadline could not "reasonably be met despite the diligence of the party seeking" modification); Wright, Miller, and Kane, *supra* § 1522.1; *see also* Vikhu v. City of New York, No. 06 Civ.2095(CPS)(JO), 2007 WL 2713340, at *5 (E.D.N.Y. Sept. 13, 2007) (noting that, in assessing good cause, the Court should consider several factors, including "the diligence *vel non* of the party requesting an extension, bad faith *vel non* of the party opposing such extension, the phase of the litigation and prior knowledge of and notice to the parties") (internal citations and quotations omitted).

**\*2** In addition, district courts have held that parties may not issue subpoenas "as a means to engage in discovery after the discovery deadline has passed." *Dodson v. CBS Broad. Inc.,* No. 02 Civ. 9270(KMW)(AJP), 2005 U.S. Dist. LEXIS 30126, at *3-4 (S.D.N.Y. Nov. 29, 2005) (collecting cases); Ellis v. City of New York, 243 F.R.D. 109, 112 (S.D.N.Y.2007); Playboy Enters. Int'l Inc. v. On Line Entm't, Inc., No. 00 Civ. 6618(RJD), 2003 WL 1567120, at *1 (E.D.N.Y. Mar. 13, 2003) (granting motion to quash where "plaintiffs took it upon themselves to serve subpoenas, without prior

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                              Page 2
Slip Copy, 2007 WL 3275918 (S.D.N.Y.)
(Cite as: 2007 WL 3275918 (S.D.N.Y.))

application to the Court, months after discovery closed, little more than a month before trial, upon a non-party from whom discovery was never before sought."); *Stockwell v. American Allsafe Co.,* No. CIV-84-1179E, 1986 WL 13941, at *1 (W.D.N.Y. Dec. 9, 1986) (granting a motion to quash a subpoena as untimely where the subpoena sought employment records and was not served until approximately eight months after the close of discovery).

Defendants here concede that the subpoena was issued after the close of discovery, and that the requests in the subpoena, at least with regard to the request for pay records, "should have been conducted during the discovery phase." (Letter to the Court from Suzanne M. Halbardier, Esq. dated October 30, 2007 ("Pl.Opp.") at 2-3.) Nevertheless, Defendants assert that the Court should, in its discretion, direct MTA to respond to the subpoena because it seeks records that "will be trial exhibits" and "go to the reasonableness of the plaintiff's conduct." (*Id.* at 2.) Defendants further contend that the subpoena seeks documents that the defense "realized were relevant" only after the parties engaged in a court-ordered mediation on June 28, 2007, where the defense "became concerned that Mr. McKay's training for his own job could be very relevant on the issue of the reasonableness of Mr. McKay's actions on the day of the altercation." (*Id.* at 2.)

This Court agrees with the district courts that have held that service of a Rule 45 trial subpoena after the close of discovery is improper. *See Dodson,* 2005 U.S. Dist. LEXIS 30126, at *3-4 (collecting cases). As an initial matter, Defendants failed to make an application to the Court, pursuant to Rule 16(b) and the Court's Individual Practices, [FN1] to reopen discovery prior to serving the subpoena on the MTA despite the fact that the subpoena clearly seeks discovery. [FN2] Instead of moving to reopen discovery, Defendants issued the subpoena to the MTA without regard to and in spite of the fact that discovery in the case closed in March 2007, approximately five months before the subpoena was served. As such, the Court will construe Defendants' opposition as a motion to reopen discovery for the limited purposes of serving the MTA subpoena.

FN1. The Individual Practices of the undersigned, like the Individual Practice of the Honorable Kenneth M. Karas, District Judge, to whom this case was assigned at the time the subpoena was issued, require that parties seeking to file a motion must first submit a pre-motion letter to the Court.

FN2. That this is a subpoena for discovery is evidenced by the fact that the subpoena is returnable to Defendants' counsel's law firm. *See Dodson,* 2005 U.S. Dist. LEXIS 30126, at *3. Here, as in *Dodson,* while the subpoena seeks the production of documents defendants *may* introduce as trial exhibits, "the scope of the request is broad and clearly is designed for discovery, not last-minute trial needs (such as for originals of documents where copies were produced in discovery and there is a need for the original at trial)." *Id.* at *3.

The Court finds that Defendants have not demonstrated that good cause exists to reopen discovery to permit service and enforcement of the subpoena. Defendants do not contend that any new information has come to light since the mediation; they merely state that they "realized" at the mediation that they were not in possession of certain documents and speculate that those documents, if they exist, "could be relevant" to the issue of the reasonableness of Plaintiff's actions. (Pl. Opp. at 3.) Because Defendants have not shown why they could not have come to this conclusion and sought the subpoena prior to the close of discovery, it cannot be said that Defendants were sufficiently "diligent" in conducting discovery so as to justify reopening discovery five months after the close of discovery. *See Grochowski,* 318 F.3d at 86. To the extent that Defendants made any previous requests for documents covered by the subpoena (*i.e.* pay records, *see* Pl. Opp. at 3) during the discovery period with which Plaintiff did not comply, the appropriate response would have been to make a motion to compel at that time. *See Playboy Enterprises,* 2003 WL 1567120, at *1; *Ellis,* 243 F.R.D. at 112.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2007 WL 3275918 (S.D.N.Y.)
**(Cite as: 2007 WL 3275918 (S.D.N.Y.))**

**\*3** Finally, Defendants assert that the documents are not "discovery under Mr. McKay's custody and control" and that the MTA is prepared to produce the requested documents pending the resolution of this motion. (*Id.* at 2.) Given that the Court has denied Defendants' request to reopen discovery, any arguments pertaining to whether Plaintiff has standing to move to quash the subpoena or whether the third parties are willing to produce the requested documents are moot.

For the foregoing reasons, Defendants' motion to reopen discovery to permit service of the MTA subpoena is DENIED. The parties are directed to serve a copy of this order on the MTA.

SO ORDERED.

Slip Copy, 2007 WL 3275918 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

# Exhibit J

Westlaw.

Not Reported in F.Supp.                                                          Page 1

Not Reported in F.Supp., 1992 WL 24076 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

H
BASF Corp. v. Old World Trading Co.
N.D.Ill.,1992.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern
Division.
BASF CORPORATION, Plaintiff,
v.
The OLD WORLD TRADING COMPANY,
Defendant.
**No. 86 C 5602.**

Feb. 4, 1992.

MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.
  **\*1** The following Memorandum Opinion and
Order disposes of three pretrial motions pending
before the court.

  1. Old World's Motion to Quash Trial
Subpoenas

  Defendant, The Old World Trading Company ("
Old World"), now moves to quash all trial
subpoenas served by plaintiff, BASF Corporation ("
BASF"), requesting production of documents
returnable before February 3, 1992. According to
Old World, BASF has served a number of trial
subpoenas requesting production of documents
before the start of trial without first providing notice
to Old World as required by Fed.R.Civ.P. 45.
BASF responds that it has withdrawn all but two of
the trial subpoenas which call for the production of
documents before February 3, 1992. According to
BASF, notice of those two subpoenas-served upon
Dearborn Division of W.R. Grace and Olympic
Oil-was sent to Old World prior to the document
requests. BASF further states that documents were
received from the University of Iowa pursuant to a
subpoena, although BASF does not specify whether

notice of that subpoena was given to Old World
before it was issued.

  The court finds that subpoenas served by BASF
without prior notice to Old World requesting the
production of documents prior to trial were served
in violation of Fed.R.Civ.P. 45. The court,
therefore, quashes all trial subpoenas issued without
prior notice and requesting production before trial,
and orders BASF to provide Old World
immediately with copies of all documents received
to date in response to such subpoenas.

  2. Old World's *Motion in Limine* to Bar the
Introduction of Documents Produced Pursuant to *Ex
Parte* Deposition Notices and Subpoenas *Duces
Tecum* Served By BASF

  Old World moves to bar the introduction of
documents produced pursuant to *ex parte*
deposition notices and subpoenas *duces tecum.*
Specifically, Old World seeks to bar BASF trial
exhibits 206 through 210, labeled by BASF as "
subpoena responses" or "group ex. subpoena
responses." BASF responds that the exhibit list is
in error and that the "documents in Exhibits 206
through 210 were produced voluntarily by the listed
parties without resort to the use of subpoenas."
BASF Resp. at 9.

  Where a party seeks to obtain documents from
a non-party through the use of the court's subpoena
power, it must provide notice of that subpoena to all
other parties. Fed.R.Civ.P. 45. Here, the court will
take BASF at its word-that it did not serve
subpoenas or notices of deposition to obtain the
documents referenced in exhibits 206 through 210.
However, should evidence surface that subpoenas
or notices of deposition were issued by BASF
without notice to all parties, the court will entertain
a motion to bar the introduction of any and all

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 2

Not Reported in F.Supp., 1992 WL 24076 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

documents falling within the scope of subpoenas or notices of deposition so served. In addition, the court orders BASF immediately to provide Old World with all documents in exhibits 206 through 210.

#### 3. Old World's Motion to Bar the Use of Documents Received Pursuant to Subpoenas Served After the Close of Discovery

**\*2** Old World moves to bar the use of documents received pursuant to subpoenas served after the close of discovery. BASF concedes that it has served numerous trial subpoenas pursuant to Rule 45(a)(2) for documents returnable on the first day of trial. Old World now argues that the subpoenas issued, if and to the extent they resemble the subpoena served upon Mair Oil, are being used improperly as a discovery tool. The court agrees.

Fact discovery in this case was closed on March 7, 1991. While trial subpoenas may be used to require those served to produce documents at trial for the purpose of memory refreshment or trial preparation, they may not be used as a means to engage in further discovery. *See Pitter v. American Express Co., et al,* 1984 WESTLAW 1272 (S.D.N.Y.1984) ("shotgun production demands ... [by way of trial subpoena] are an impermissible substitute for orderly pre-trial discovery"). BASF's reliance on *U.S. v. IBM,* 71 F.D.R. 88 (S.D.N.Y.1976) is misplaced. There, discovery was continuing through trial and the issue was simply whether the party serving the subpoena should have moved for an order of inspection after objections to the subpoena were made. Here, discovery has been closed for almost eleven months, and the court will not allow the parties to engage in discovery through trial subpoenas. Furthermore, the court's policy of requiring parties to submit a pretrial order detailing those documents which it may use at trial is rendered nugatory if a trial subpoena may issue demanding documents not previously produced or identified.

For the reasons stated herein, the court 1)

prohibits BASF from introducing at trial any documents not identified on its exhibit list, 2) quashes any and all trial subpoenas issued by BASF which request the production of documents not identified on the exhibit list, and 3) bars BASF from adding to its trial exhibit list any documents obtained pursuant to subpoenas served after the close of discovery.

IT IS SO ORDERED.

N.D.Ill.,1992.
BASF Corp. v. Old World Trading Co.
Not Reported in F.Supp., 1992 WL 24076 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit K

Westlaw.

Not Reported in F.Supp.                                                                Page 1

Not Reported in F.Supp., 1997 WL 793569 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Puritan Inv. Corp. v. ASLL Corp.
E.D.Pa.,1997.
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
PURITAN INV. CORP.
v.
ASLL CORP. and Eric Blumenfeld
**No. Civ.A. 97-1580.**

Dec. 9, 1997.

Richard T. Brown, Jr., Phila, PA, for Puritan
Investment Corporation, plaintiff.
Michael S. Saltzman, Fineman & Bach, P.C., Phila,
PA, for ASLL Corporation, defendant.
Michael S. Saltzman (See above), for Eric
Blumenfeld, defendant.

**MEMORANDUM ORDER**

WALDMAN, J.
    **\*1** Presently before the court are defendants'
alternative Motions for a Protective Order and to
Quash Plaintiff's Subpoenas and defendants' Motion
in Limine. Defendants challenge trial subpoenas
served upon them by plaintiff for the production of
an array of business, tax and financial records for
use by plaintiff in attempting to sustain its alter ego
liability theory against Mr. Blumenfeld.
Defendants also seek by their motion in limine to
preclude "any evidence or testimony of plaintiff's `
alter ego' theory." The only reason proffered is
that plaintiff has no such evidence.

    Plaintiff is suing for trademark infringement
arising from defendants' failure to make required
payments under a licensing agreement involving the
operation of a comedy club. The discovery
deadline was October 22, 1997, providing over
eighteen weeks to conduct discovery. Plaintiff
never requested an extension of the discovery

deadline. The case has just entered the trial pool.

    On November 24, 1997, plaintiff served
subpoenas upon defendants directing them to
produce at trial the following documents:
    all documents concerning ASLL Corporation
    and its relation to Eric Blumenfeld, including but
    not limited to any documents proposing or relating
    to its formation in January 1995 or thereabouts, the
    bank records of ASLL Corporation from its
    formation to the present, the minute book and any
    other corporate records of ASLL Corporation
    showing meetings, resolutions, or any other activity
    by the corporation, all insurance documents issued
    to ASLL Corporation (including but not limited to
    declaration pages and invoices and checks paid) all
    tax returns filed by ASLL Corporation, all financial
    statements (audited or otherwise) concerning ASLL
    Corporation, and all other documents (including
    checks, notes, contracts, etc.) concerning
    transactions between Eric Blumenfeld and ASLL
    Corporation.

    Defendants argue with some force that plaintiff
is attempting to circumvent the discovery deadline.
Defendants also claim that because the requested
documents are voluminous and not all readily at
their disposal, production would necessarily delay
the trial of this action.

    Plaintiff represents that no party propounded
formal discovery requests, but instead met in May
of 1997 to exchange informal discovery and that
defendants knew since this meeting that such
records might be used in court to support plaintiff's
alter ego theory. Plaintiff does not represent,
however, that defendants agreed at the May 1997
meeting to produce all of these records during the
discovery period.

    Trial subpoenas may be used to secure
documents at trial for the purpose of memory
refreshment or trial preparation or to ensure the
availability at trial of original documents previously

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 2

Not Reported in F.Supp., 1997 WL 793569 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

disclosed by discovery. *See,* e.g., *Rice v. United States,* 164 F.R.D. 556, 558 n. 1 (N.D.Okla.1995); *BASF Corp. v. Old World Trading Co.,* 1992 WL 24076, *2 (N.D.Ill. Feb.4, 1992).

Trial subpoenas may not be used, however, as means to engage in discovery after the discovery deadline has passed. *See BASF Corp.,* 1992 WL 24076 at *2. *See also Ghandi v. Police Dept. of Detroit,* 747 F.2d 338, 354-55 (6th Cir.1984) (trial subpoena duces tecum used to seek discovery just prior to trial properly quashed); *Hatchett v. United States,* 1997 WL 397730, *3 (E.D.Mich. Feb.28, 1997) (trial subpoena cannot be used to obtain belated discovery after discovery period has ended); *Pitter v. American Express Co.,* 1984 WL 1272, *5 (S.D.N.Y. Nov.27, 1984) ("shotgun" production demands through use of trial subpoenas are impermissible substitute for proper pre-trial discovery).

**\*2** There is absolutely no indication that plaintiff knows what information is contained in the documents it seeks or that they would support plaintiff's theory of its case. A trial subpoena is not an appropriate means of ascertaining facts or uncovering evidence. This should be done through discovery in the manner and time provided by the Federal Rules and court order.

Plaintiff does not explain why the desired records were not obtained through a proper Rule 34 document request before the discovery deadline. Plaintiff bears the burden of preparing its own case for trial. Any documents it wished to peruse which were not voluntarily disclosed should have been timely demanded through formal discovery procedures.

Plaintiff does not and credibly could not aver that it was unaware of the possible existence of the subpoenaed documents before the discovery deadline. *See McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 588 (W.D.N.Y.1995) ("when a [party] ... is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied"

). The documents plaintiff now seeks are standard records routinely maintained by corporations. Moreover, plaintiff's contention that defendants knew since the informal May 1997 meeting that such records might be used by plaintiff to support its alter ego theory shows that plaintiff itself was aware of the existence of such documents months before the close of discovery.

The only reasonable conclusion from the record presented is that plaintiff is attempting to use trial subpoenas improperly as a discovery device on the eve of trial. *See, Thompson v. Glenmede Trust Co.,* 1996 WL 529691, *1 (E.D.Pa. Sept.16, 1996) (unjust and burdensome to require party on eve of trial to produce documents pursuant to subpoena served after discovery deadline).

Thus, defendants' motion to quash will be granted. Because efficiency in the resolution of litigation should be balanced with the objective of resolving legal claims to the extent possible on the basis of complete and accurate information, the motion will be denied without prejudice to plaintiff promptly to seek a continuance and extension of discovery if it can show good cause therefor. *See* Fed.R.Civ.P. 16(b). Because an order to preclude a party from presenting evidence on the ground that the party has no such evidence is needless and meaningless, defendants' motion in limine will be denied.

**ACCORDINGLY,** this 9th day of December, 1997, **IT IS HEREBY ORDERED** that defendants' Motions for a Protective Order and to Quash Plaintiff's Subpoenas are **GRANTED** in that the trial subpoenas *duces tecum* issued to defendants are **QUASHED,** without prejudice to plaintiff promptly to seek a discovery extension upon a showing of good cause; and, **IT IS FURTHER ORDERED** that defendants' Motion in Limine is **DENIED.**

E.D.Pa.,1997.
Puritan Inv. Corp. v. ASLL Corp.
Not Reported in F.Supp., 1997 WL 793569 (E.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2008, I caused a true and correct copy of the foregoing Motion to Quash Trial Testimony Subpoena Duces Tecum, Memorandum in Support of Motion and Notice of Hearing to be served by overnight courier upon the following counsel and parties, as set forth below:

**United States Hispanic Chamber of Commerce**

Jill M. Pietrini
Andrew Eliseev
MANATT PHELPS & PHILLIPS, LLP
11355 W. Olympic Boulevard
Los Angeles, CA 90064-1614

U.S. – Mexico Chamber of Commerce
1300 Pennsylvania Avenue, N.W.
Suite G-0003
Washington, D.C. 20004

KENYON & KENYON LLP
1500 K Street, N.W.; Suite 700
Washington, D.C.  20005
Tel.: (202) 220 – 4200
Fax:  (202) 220 – 4201

*Counsel for Movant, The Chamber of Commerce*
*of the United States of America*

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA<br><br>*Movant,*<br><br>v.<br><br>UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION,<br><br>*Non-Movant.* | United States Patent and Trademark Office<br><br>Trademark Trial and Appeal Board<br><br>Opposition No.: 91/156,321<br><br>Serial No.: 78/081,731 |

## [PROPOSED] ORDER

The Court having considered the filings in connection with The Chamber of Commerce of the United States of America's motion to quash the subpoena issued by the United States Hispanic Chamber of Commerce Foundation on U.S. – Mexico Chamber of Commerce, and there being good cause appearing,

IT IS HEREBY ORDERED THAT the motion to quash is GRANTED, and that the production of documents pursuant to the subpoenas shall not proceed.

ORDERED this ___ day of _____ 2008.

_____
United States District Court Judge